# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BENJAMIN JAMON MAXWELL, SR., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW A. BREEDON, *Assistant District Attorney*; CHATHAM COUNTY DISTRICT ATTORNEY OFFICE; and SUPERIOR COURT CLERK OFFICE, <br><br> Defendants. | Case No. CV416-075 |

## REPORT AND RECOMMENDATION

Inmate Benjamin Jamon Maxwell, Sr., proceeding *pro se*, filed this 42 U.S.C. § 1983 action against the district attorney and two government entities involved in the prosecution of state criminal charges against him. Doc. 1. The Court directed him to supplement his simultaneously filed motion (doc. 2) for leave to proceed *in forma pauperis* (IFP), doc. 3, and he complied -- sort of. Instead of sending to the Clerk his IFP "Consent" and "Prison Trust Account" filings with this case's action number (CV416-075) on them, he re-filed his Complaint -- *with* those completed forms. That misled the Clerk into opening a whole new case file,

*Maxwell v. Breedon*, CV416-188, which the Clerk shall now **ADMINISTRATIVELY CLOSE** -- but the Court will treat the IFP paperwork filed there (CV416-188, docs. 2 & 3), as if it were filed in this case, CV416-075.

Turning to the merits,[1] the Court is informed by the attached state court docket that plaintiff is currently being prosecuted in that court for armed robbery, assault, and kidnapping. Seeking (here) money damages and "[i]mmediate release with all charges dropped," doc. 1 at 7, Maxwell sues the prosecutor and government offices[2] for "participating or

---

[1] As Maxwell is proceeding *in forma pauperis*, CV416-188 docs. 2 & 3, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), to determine whether he has stated a cognizable claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees against governmental officials and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 28 U.S.C. § 1915(e)(2) (requiring dismissal "at any time" the Court determines the suit to be factually or legally insubstantial).

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

[2] His Complaint's caption shows that he has named as co-defendants the "Superior Court Clerk['s] Office" and the "Chatham County District Attorney Office." Doc. 1 at 1, 4.

developing the scheme of allowing plainitiff to receive a fraud[ulent] indictment." *Id.* at 5. Defendants have thus "violated plaintiff's due process rights to the correct procedure of a Grand Jury proceeding." *Id.*

How? Through a series of ministerial-level procedural failings. Maxwell alleges, for example, that there is no record of the grand jury proceedings for that case. *Id.* at 5. Nor is there "authenticity by notarization or certification to the indictment plaintiff received from 12/17/14." *Id.* at 6. Plus he was denied a transcript, "there is no stamp of date and time on indictment CR-14-2864J2 showing the Superior Court clerk received [the] indictment for filing," *id.* and so forth. He seeks money damages and "immediate release with all charges dropped." *Id.* at 7.

His case is also dead on arrival. As this Court explained in a similar case:

> First, § 1983 affords him no remedy for the injunctive relief he seeks -- ["immediate release"]. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal

terms of § 1983."); *Cooks v. Sec'y, Fla. Dept of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015).[3]

Second, and to the extent [Maxwell's] criminal case is still ongoing, this Court would decline to exercise its jurisdiction to enjoin those proceedings. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v.*

---

[3] Before plaintiff can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c). If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

Maxwell does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Sampson's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c); *Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011) (collecting pre-conviction, state remedy cases). All of the procedural irregularities Maxwell alleges here can be addressed by the Georgia courts.

> *Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Rare exceptions to that rule: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). [Maxwell] has not met any of those exceptions and, therefore, is not entitled to the equitable relief he seeks. *See King v. Stokes*, 2011 WL 4083608 at * 2 (S.D. Ga. Sept. 13, 2011).

*Bright v. Fogle*, 2016 WL 347690 at * 1-2 (S.D. Ga. Jan. 28, 2016).

Additionally, Maxwell's prosecutor is immune from suit given the traditional prosecutorial actions alleged here. *Armstrong v. Andrews*, 2016 WL 1072502 at * 1 (11th Cir. Mar. 18, 2016) (noting, in affirming dismissal of inmate's § 1983 case based on "allegations about the violation of his constitutional rights during a state criminal proceeding," that "[p]rosecutors . . . enjoy absolute immunity for actions undertaken in the course of initiating a prosecution."); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir.1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate.").

The other two defendants are offices of, and unmistakably arms of, the state government and thus immune from money damages under the Eleventh Amendment. *Browner v. Fountain*, 2016 WL 589709 at * 4

(S.D. Ga. Feb. 11, 2016) ("Arms or agencies of the state, such as the Superior Courts and the Department of Corrections, are . . . immune from suit."). Like the defendant prosecutor, they also are not "persons" within the meaning of § 1983,[4] so they must be dismissed on those additional grounds.

Given the patent baselessness of Maxwell's Complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v.*

---

[4] As another court recently explained:

> Section 1983 allows claims against any "person," acting under color of law, who deprives another of his or her constitutional or statutory rights. 42 U.S.C. § 1983. In *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), the Supreme Court addressed the question of whether a State can be considered a "person" for purposes of § 1983 liability, and ultimately decided that "a State is not a person within the meaning of § 1983." *Id.* at 64. The Court further determined that "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," as well as state officials sued in their official capacity are also not considered "persons" within the meaning of § 1983. *Id.* at 70-71. Because the State Attorney is considered an "arm of the state," and therefore, not a "person" under the statute, she cannot be held liable for damages under § 1983.

*Scheider v. Leeper*, 2016 WL 916557 at * 3 (M.D. Fla. Mar. 10, 2016). The district attorney defendant in this case likewise is an arm of the state. *See Larry v. Abrams*, 2015 WL 1815577 at * 2 (S.D. Ga. Apr. 21, 2015).

*Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, Maxwell must pay his $350 filing fee. His furnished account information shows that he has had a $54.53 average monthly balance in his prison account during the past six months. CV416-188, doc. 5. He therefore owes a $10.91 initial partial filing fee. See 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee

and costs in this case to plaintiffs new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

Accordingly, this case must be **DISMISSED WITH PREJUDICE**. Meanwhile, the Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** *Maxwell v. Breedon*, CV416-188, but the Court is treating the IFP paperwork filed there, CV416-188, docs. 2 & 3, as if it were filed in this case, CV416-075.

**SO REPORTED AND RECOMMENDED**, this 28th day of April, 2016.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



### Chatham County, GA — Eastern Judicial Circuit of Georgia

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

April 20, 2016    Location: Case Details    Search...

- CASE LOOKUP
- COURT FORMS
- COURT FEES
- MAP & DIRECTIONS
- JURY SERVICES
- SITE SEARCH

## Case Details

State
VS.
MAXWELL, BENJAMIN JAMON

- Case Events
- Charges
- Parties
- Proceedings

### Case Information
| | |
|---|---|
| Court: | Superior |
| Case Number: | CR142864 |
| Case Type: | ARMED ROBBERY |
| Judge: | HONORABLE LOUISA ABBOT |
| Assistant District Attorney: | MATTHEW BREEDON |
| Date Filed: | 12/17/2014 |
| Status: | ACTIVE - |
| Next Event: | 4/29/2016 MOTION HEARING (MTH) |

### Defendant Information
| | |
|---|---|
| Name: | MAXWELL, BENJAMIN JAMON |
| DIN: | S5011823 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 66 |
| Weight: | 145 |
| Eyes: | BROWN |
| Hair: | BLACK |

### Attorney Information
SOLOMON A AMUSAN
P O BOX 9752
Savannah, GA
31412

### Bondsman Information
N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 5/16/2016 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | LOUISA ABBOT | |
| 4/29/2016 | 09:05AM | MOTION HEARING (MTH) | LOUISA ABBOT | |
| 4/19/2016 | 09:00AM | MOTION HEARING (MTH) | LOUISA ABBOT | RESCHEDULE EVENT |
| 2/23/2016 | 10:00AM | STATUS CONFERENCE HEARING | LOUISA ABBOT | |
| 1/14/2016 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | LOUISA ABBOT | |
| 11/17/2015 | 09:45AM | JURY TRIAL | WALMSLEY | RESCHEDULE EVENT |
| 10/22/2015 | 09:30AM | ARRAIGN/TRIAL DOCKET CALL | WALMSLEY | ANNOUNCMENT |
| 10/15/2015 1:49:10 PM | 1:49PM | TRANSCRIPT RECEIVED | | |
| 10/15/2015 1:48:38 PM | 1:48PM | TRANSCRIPT RECEIVED | | |
| 8/24/2015 | 09:45AM | JURY TRIAL | WALMSLEY | RESCHEDULE EVENT |
| 8/18/2015 | 10:00AM | MOTION HEARING (MTH) | WALMSLEY | MOTION HEARD |
| 8/3/2015 | 09:30AM | JURY TRIAL | WALMSLEY | |
| 7/6/2015 | 09:15AM | ARRAIGN/TRIAL DOCKET CALL | WALMSLEY | |
| 5/26/2015 | 2:00PM | MOTION HEARING (MTH) | WALMSLEY | ANNOUNCMENT |
| 5/26/2015 | 3:00PM | MOTION HEARING (MTH) | WALMSLEY | RESCHEDULE EVENT |
| 3/2/2015 | 12:00PM | ARRAIGNMENT/PRETRIAL HEARING | WALMSLEY | ARRAIGNMENT |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-5-40 | KIDNAPPING | 1 | FELONY | 12/18/2014 | |
| 16-8-41 | ARMED ROBBERY | 1 | FELONY | 12/18/2014 | |
| 16-5-21 | AGGRAVATED ASSAULT | 1 | FELONY | 12/18/2014 | |

| 16-11-106 | POSS FIREARM/KNIFE IN COMMITTING CRIME | 1 | FELONY | 12/18/2014 | |
| 16-10-24(A) | OBSTRUCTION OF AN OFFICER | 1 | MISDEMEANOR | 12/18/2014 | |

[Return to Top]

**Proceedings**

| | | | | | |
|---|---|---|---|---|---|
| 5/16/2016 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | | LOUISA ABBOT | |
| 4/29/2016 | 09:05AM | MOTION HEARING (MTH) | | LOUISA ABBOT | |
| 4/19/2016 | 09:00AM | MOTION HEARING (MTH) | RESCHEDULE EVENT | LOUISA ABBOT | |
| 4/14/2016 | | MOTION | | LOUISA ABBOT | FOR AN ORDER TO COMPEL THE STATE TO DISCLOSE TO THE DEF A COPY OF THE DEF"S GRAND JURY TRANSCRIPT/ |
| 3/16/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 3/14/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 3/8/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 2/24/2016 | | PRETRIAL SCHEDULING ORDER | | | |
| 2/23/2016 | 10:00AM | STATUS CONFERENCE HEARING | | LOUISA ABBOT | |
| 2/19/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 1/25/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | REQUEST COPY OF INDICTMENT/ |
| 1/14/2016 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | | LOUISA ABBOT | |
| 1/7/2016 | | SUBPOENA DUCES TECUM | | | |
| 11/17/2015 | 09:45AM | JURY TRIAL | RESCHEDULE EVENT | WALMSLEY | |
| 11/13/2015 | | MOTION - FOR CONTINUANCE | | | |
| 11/6/2015 | | LIST OF WITNESSES | | | |
| 10/27/2015 | | MOTION/ORDER FOR PRODUCTION OF STATE PRISONER | | | |
| 10/27/2015 | | REQUEST BY STATE | | | TO MAKE DEFENDANT AVAILABLE FOR TRIAL/ |
| 10/26/2015 | | MOTION - JACKSON DENNO | | | MOTION TO SUPPRESS AN IN CUSTODY STATMENT/ |
| 10/23/2015 | | LIST OF WITNESSES | | | |
| 10/22/2015 | 09:30AM | ARRAIGN/TRIAL DOCKET CALL | ANNOUNCMENT | WALMSLEY | |
| 10/15/2015 1:49:10 PM | 1:49PM | TRANSCRIPT RECEIVED | | | 08-18-15 MOTION HEARING, PART 2, JUDGE WALMSLEY PRESIDING |
| 10/15/2015 1:48:38 PM | 1:48PM | TRANSCRIPT RECEIVED | | | 08-18-15 MOTION HEARING, JUDGE WALMSLEY PRESIDING |
| 8/24/2015 | 09:45AM | JURY TRIAL | RESCHEDULE EVENT | WALMSLEY | |
| 8/19/2015 | | SEALING ORDER | | | NO DOCUMENTS ATTACHED/ |
| 8/18/2015 | | EXHIBIT & WITNESS LIST | | | |
| 8/18/2015 | 10:00AM | MOTION HEARING (MTH) | MOTION HEARD | WALMSLEY | |
| 8/3/2015 | 09:30AM | JURY TRIAL | | WALMSLEY | |
| 7/15/2015 | | LIST OF WITNESSES | | | |
| 7/14/2015 | | CORRESPONDENCE | | | |
| 7/14/2015 | | CORRESPONDENCE | | | |
| 7/14/2015 | | MOTION - IN LIMINE | | | |
| 7/13/2015 | | DEFENDANTS REQUEST FOR DISCOVERY | | | AND NOTICE OF DEFS ELECTION TO PROCEED UNDER OCGA 17-16-1 AND CONSOLIDATED MOTIONS/ |
| 7/13/2015 | | ENTRY OF APPEARANCE | | | AND SUBSTITUTION OF COUNSEL AND DEFS ELECTION TO PROCEED UNDER OCGA /FILED BY AMUSAN/ |
| 7/6/2015 | 09:15AM | ARRAIGN/TRIAL DOCKET CALL | | WALMSLEY | |

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 5/26/2015 | 2:00PM | MOTION HEARING (MTH) | ANNOUNCMENT | WALMSLEY | RESCHEDULED FROM 5-26-2015 AT 1500 DK14120082 |
| 5/26/2015 | 3:00PM | MOTION HEARING (MTH) | RESCHEDULE EVENT | WALMSLEY | |
| 3/12/2015 | | CONSOLIDATED MOTIONS PACKAGE | | | |
| 3/2/2015 | | ORDER | | | ORDER TO INCORPORATE CR142325 ADN CR142864/ |
| 3/2/2015 | 12:00PM | ARRAIGNMENT/PRETRIAL HEARING | ARRAIGNMENT | WALMSLEY | |
| 2/20/2015 | | ORDER | | | MANDY ROBERTS WITHDRAWN/ |
| 2/13/2015 | | MOTION - TO WITHDRAW ATTY | GRANTED | | FILED BY MANDY ROBERTS/ |
| 2/4/2015 | | DEFENDANTS DISCOVERY DISCLOSURE | | | |
| 1/30/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 1/22/2015 | | STATES DISC RESTRICTED ACCESS 35-3-38 | | | NO SEALED ENVELOPE ATTACHED/ |
| 1/13/2015 | | BENCH WARRANT EXECUTED | | | |
| 1/9/2015 | | BENCH WARRANT ISSUED | | | |
| 1/9/2015 | | ORDER FOR CONTINUANCE | | | |
| 12/29/2014 | | STATES DISC RESTRICTED ACCESS 35-3-38 | | | |
| 12/18/2014 2:50:34 PM | | SCN | | | INITIAL CASE SCREENING / SCANNING |
| 12/17/2014 | | INDICTMENT | | | |

[Return to Top]

© Copyright 2016 - Chatham County Courts